**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEANDER ANDERSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 16-cv-02339 (RBW) |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| Defendant. | ) |

### STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned Plaintiff, Leander Anderson, and the United States of America, by and through their respective attorneys, as follows:

1.      The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

2.      The United States of America agrees to pay Plaintiff Leander Anderson the sum of Four-Thousand-Two Hundred Dollars ($4,200.00), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen injuries, and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which plaintiff or her guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

3.      Plaintiff and her guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Stipulation in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and her guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff or her guardians, heirs, executors, administrators or assigns against any third party or against the United States.

4.      This Stipulation is not, is in no way intended to be, and should not be construed as an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5.      It is also agreed, by and among the parties, that each party will its own respective costs, fees, and expenses and that any attorney's fees owed by the plaintiff to her counsel will be paid out of the settlement amount detailed in Paragraph No. 2 and not in addition thereto.

6.      Payment, detailed in Paragraph No. 2 herein, shall be made by an electronic transfer of funds as specified in instructions provided to Defendant's counsel by Plaintiff's counsel in writing.

Payment shall be made as promptly as practicable, consistent with the normal processing procedures followed by the U.S. Bureau of Prisons and the Judgment Fund. Plaintiff and Plaintiff's counsel shall cooperate with Defendant to ensure that all documentation required to process this payment is complete and accurate. Within 30 days of execution of this Stipulation by the Court, and with Plaintiff and Plaintiff's counsel's cooperation, Defendant shall complete and submit the forms required by the Judgment Fund. Plaintiff and Plaintiff's counsel understand that neither the U.S. Bureau of Prisons or the United States Attorney's Office control the Judgment Fund payment process.

7.      Plaintiff's attorney agrees to provide the settlement proceeds to Plaintiff. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

8.      Execution and filing of this Stipulation by counsel for the Parties shall constitute a dismissal of this action with prejudice. Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Stipulation and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375 (1994).

9.      The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

10.     The persons signing this Stipulation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

11.     This Stipulation contains the entire agreement of the parties as to the settlement of this
action and shall not be amended absent the written consent of the parties and the Court.

12.     It is contemplated that this Stipulation may be executed in several counterparts, with a
separate signature page for each party. All such counterparts and signature pages, together, shall be
deemed to be one document.

Respectfully submitted,

SEAN R. DAY
D.C. Bar Number 452420
7474 Greenway Center Drive, Suite 150
Greenbelt MD 20770-3524
301.220.2270
Sean@DayInCourt.Net

*Attorney for Plaintiff*

Executed this 21ˢᵗ day of July, 2017.

LEANDER ANDERSON
*Plaintiff*

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY
D.C. BAR NUMBER 415793

DANIEL F. VANHORN
D.C. Bar Number 924092
Chief, Civil Division

*/s/ Rhonda Campbell*
RHONDA CAMPBELL
D.C. Bar Number 462402
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
Telephone:  (202) 252-2559
Facsimile:  (202) 252-2599
rhonda.campbell@usdoj.gov

*Attorneys for the United States*

SO ORDERED on this _____ day of _____, 2017

_____
JUDGE REGGIE B.WALTON
UNITED STATES DISTRICT JUDGE